**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CURTIS SAYLER and
CHERYL SAYLER,

    Plaintiffs,

v.                                              Case No: 5:17-cv-291-JSM-PRL

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Defendant.
_____/

# ORDER

An uninsured motorist claim was made by Curtis Sayler after he was involved in an accident for which a phantom vehicle was responsible. Mr. Sayler is now suing his insurer, Travelers Property Casualty Company of America, for uninsured motorist ("UM") benefits and bad faith handling. Travelers seeks to dismiss the bad faith count. Consistent with Florida law, the Court concludes that Mr. Sayler's bad faith count should be abated rather than dismissed.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to

1

or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Likewise, courts must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003). So to survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff presents enough factual content to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

## **DISCUSSION**

Both state and federal courts in Florida routinely dismiss or abate bad faith actions that are filed before the underlying actions for contractual benefits are fully resolved. This follows from the well-settled proposition that a claim for bad faith does not accrue until there has been a final determination of the underlying claim. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (holding that "[a]bsent a determination of the existence of liability on the part of the uninsured tortfeasor and the

extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.")

Both parties agree that the statutory bad faith claim is not ripe since Mr. Sayler's UM claim has not been resolved in his favor and because the amount of damages, if any, are undetermined. *Id.* at 1291. The parties disagree as to whether the bad faith count should be dismissed or abated. The Florida Supreme Court has explained that either dismissal or abatement is appropriate. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1229 (Fla. 2016) ("The trial court's approach is consistent with our precedent in *Ruiz*, 899 So.2d at 1130, which allows a bad faith cause of action to be abated.").

This Court has previously held that abatement is the appropriate remedy. *See Cooper v. Progressive Am. Ins. Co.*, Case No.: 5:17-CV-&)-OC-30PRL, 2017 WL 784816 (M.D. Fla. Mar. 1, 2017). *See e.g., Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-CV-2717-T-30TGW, 2014 WL 6705414 (M.D. Fla. Nov. 26, 2014) (citing *Allstate Indemnity Co. v. Ruiz*, 899 So.2d 1121, 1130 (Fla. 2005); and *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014)); *see also Sabol v. USAA Casualty Ins. Co.*, No. 5:16-CV-679-OC-30PRL, 2017 WL 238250, at **1–2 (M.D. Fla. Jan. 19, 2017); *McCourt v. Liberty Mut. Ins. Co.*, No. 8:14-CV-2675-T-30AEP, 2014 WL 6607014, at *1 (M.D. Fla. Nov. 19, 2014) (same). So the Court, onsistent with its past rulings, concludes that the bad faith claim should be abated.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or Abate Count III (Doc. 4) is Granted in Part.

3

2. The bad faith action in Count III is ABATED until further order of this Court.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record