UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CURTIS SAYLER and CHERYL SAYLER,**

    **Plaintiffs,**

v.                                        Case No: 5:17-cv-291-Oc-30PRL

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

    **Defendant.**

## ORDER

This case arises out of an automobile accident. At issue here is the deposition of Plaintiff Curtis Sayler's treating physician, Padmaja Yatham, M.D. which is currently scheduled for August 30, 2018. Plaintiffs claim that Defendant unilaterally served the notice "which was not coordinated with Plaintiffs' counsel, and on a date Plaintiffs' counsel specifically stated he was not available." In their renewed motion, Plaintiffs argue that the notice should be stricken because Defendant only provided seven days written notice in violation of Local Rule. 3.02. (Doc. 44).[1]

Plaintiffs' bare bones motion doesn't tell the whole story, as evidenced by Defendant's much more detailed response. (Doc. 45). Indeed, Defendant explains its unsuccessful efforts to coordinate the deposition of Dr. Yatham. According to Defendant, Dr. Yatham only provided four available dates in July and Plaintiff's counsel was unavailable on those dates. (Doc. 45, Exhibit A). In efforts to ensure that the deposition was scheduled prior to the August 31, 2018 discovery

---

[1] The initial motion was denied because Plaintiffs failed to confer with opposing counsel prior to filing the motion as required by Local Rule 3.01(g).

cutoff, on August 1, 2018, Defendant unilaterally noticed the deposition of Padmaja Yatham, M.D. for August 23, 2018. (Doc. 45, Exhibit B). No objection was raised until August 20, 2018, when Dr. Yatham's office contacted defense counsel and advised that Dr. Yatham could not appear on August 23, 2018, but that she was available on August 30 or 31 to attend a deposition. That same day, defense counsel's office contacted Plaintiffs' counsel's office to discuss the conflict and potential new dates. Plaintiffs' counsel's office advised that August 30, 2018 should work for the deposition. Accordingly, defense counsel advised Dr. Yatham that the deposition would be moved to August 30, 2018. Then, on August 21, 2018, Plaintiffs' counsel's office emailed defense counsel's office to advise that the August 30, 2018 date would not work. (Doc. 45, Exhibit C). On August 23, 2018, defense counsel served the amended notice of deposition changing the date from August 23, 2018 to August 30, 2018. (Doc. 45, Exhibit D). Defendant represents that it would not have agreed to change the properly noticed August 23, 2018 deposition were it not for the telephonic conversation in which Plaintiffs' counsel's office advised that August 30, 2018 would work for the deposition.

In a reply, Plaintiffs' counsel claims that he never agreed to the deposition on August 30, 2018 and that the conversations took place with an assistant at his office. (Doc. 46). However, while it is preferable for counsel to coordinate dates with each other, given busy schedules, it is not unexpected that office staff will represent availability of counsel and schedule depositions. Accordingly, the fact that Plaintiffs' counsel's assistant represented his availability – either correctly or incorrectly—does not render Defendant's reliance on that representation unreasonable.

Based on the foregoing, and because Plaintiff's counsel has failed to offer any meaningful explanation as to why he cannot attend the August 30, 2018 deposition, the Court is disinclined to strike the notice. The deposition shall proceed as scheduled on **August 30, 2018.**

**DONE** and **ORDERED** in Ocala, Florida on August 28, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties